MEMORANDUM *
Linda Chen Mai' (“Mai”) appeals her convictions under 21 U.S.C. §§ 610(d), 611(b)(6) for mislabeling pork products. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Mai contends that statements made by the government during closing argument constitute reversible prosecutorial misconduct. Because Mai did not object to any of the statements, we review for plain error. United States v. Tirouda, 394 F.3d 683, 688 (9th Cir.2005).
1. Mai first contends that the government committed misconduct by asserting during closing arguments that, after the United States Department of Agriculture (“USDA”) had suspended inspection services at Mai’s meat processing plant, “you cannot sell any product, regardless of when it was processed.” The statutes under which Mai was charged, however, criminalize the improper placement of a USDA-approved label on meat products. 21 U.S.C. §§ 610(d), 611(b)(6). Under these statutes, it would not have been a violation for Mai to have sold pork products that had been processed before the USDA suspended inspections at the plant.
The prosecution has an obligation to avoid misstating the law during closing arguments, United States v. Artus, 591 F.2d 526, 528 (9th Cir.1979) (per curiam), and the statements here clearly were improper. Under the plain error standard, however, Mai also must show that the error affected her substantial rights. See United States v. Foster, 711 F.2d 871, 883 (9th Cir.1983). Under this standard, Mai must show “a reasonable probability that the result of the proceeding would have been different [absent the misconduct] or that it so infected the trial with unfairness as to make the resulting conviction a denial of due process.” United States v. Wilkes, 662 F.3d 524, 537 (9th Cir.2011) (quoting Hein v. Sullivan, 601 F.3d 897, 905 n. 4 (9th Cir.2010)).
Although the misstatement here was significant, the district court corrected the error shortly thereafter. In response to an inquiry from the jury, the court clarified that “[a] meat product that has been inspected and has passed inspection may be made available for sale after suspension unless it has been tagged for retention.” Such corrective instructions may cure a prosecutor’s misstatement of the law. United States v. Cardenas-Mendoza, 579 F.3d 1024, 1030 (9th Cir.2009); Foster, 711 F.2d at 883. Additionally, the case against Mai was very strong and included a confession, as well as an abundance of circumstantial evidence. Mai offered virtually no evidence supporting her alternative theory: that she had sold only unprocessed pork or pork products processed pre-sus-pension. Accordingly, we conclude that *418 Mai has not shown that the misconduct affected her substantial rights.[1]
2. Mai also challenges as reversible misconduct statements made by the prosecution to the jury describing the case as about a “public health hazard” affecting “consumers like you.” A prosecutor’s “misleading and inflammatory arguments” may amount to reversible misconduct. Sechrest v. Ignacio, 549 F.3d 789, 807 (9th Cir.2008). The statements here, however, were not plainly improper. Most of the statements Mai challenges appear to have been inadvertent figures of speech or colloquialisms. See United States v. Carrilo, 16 F.3d 1046, 1050 (9th Cir.1994) (indicating that misconduct does not occur when a prosecutor’s misstatements “[have] earmarks of inadvertent mistake”). Even if they were not inadvertent, the statements do not appear to have been particularly substantial. At most, they gave color to the prosecution’s legal and factual contentions. We thus reject this argument.[2]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent, at 419, notes that the district court’s note in response to the jury's inquiry did not "address the legality of Mai’s acting as a middleman,” which the dissent defines as “buying and selling raw pork without processing it.” Even if the district court erred in that regard, it was not plain error. The evidence showed that Mai purchased 3,000 pounds of raw pork after she was suspended by the USDA and only 600 pounds of that pork was accounted for on a "middleman” basis. Thus, any error did not affect Mai’s substantial rights in that there was no "reasonable probability that the result of the proceeding would have been different....’’ Wilkes, 662 F.3d at 537. Indeed, if the jury believed that purchasing meat during the suspension was illegal, it presumably would not have needed to seek clarification from the court on whether selling meat processed before the suspension was illegal. It was undisputed that Mai purchased meat during the suspension.

. Because we conclude that these statements were not plainly improper, we do not address whether they affected Mai’s substantial rights.